IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00366-RM-BNB

TITLE RESOURCES GUARANTY COMPANY, a Texas corporation,

Plaintiff,

v.

AMERICAN TITLE SERVICES COMPANY, a Colorado corporation,
AMERICA'S HOME TITLE, LLC, a Colorado limited liability company,
AMERICAN TITLE CORP., a Colorado corporation,
ESTATE OF RICHARD TALLEY, a Colorado decedent,
CHERYL TALLEY, individually and in her capacity as successor to Richard Talley or representative for the Estate of Richard Talley, and
BILL KRIEG, an individual,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Leave to File an Amended Complaint and Jury Demand** [Doc. # 51, filed 4/30/2014] (the "Motion to Amend"). Also pending is the **Motion to Dismiss Verified Complaint and Jury Demand Against Cheryl Talley or Alternatively for a More Definite Statement** [Doc. # 38, filed 3/26/2014] (the "Motion to Dismiss"). The Motion to Amend [Doc. # 51] is GRANTED, and the Motion to Dismiss [Doc. # 38] is DENIED as moot.

Although the action was commenced on February 10, 2014, it has encountered slow progress through no fault of the plaintiff. There were early skirmishes for a temporary restraining order, which was denied. I allowed expedited discovery in order to ascertain and preserve assets. Bill Krieg was first to respond to the Complaint, filing an answer on February

28, 2014.  Cheryl Talley was granted an extension within which to respond, and filed the Motion to Dismiss on March 26, 2014.  American Title Services notified the court on March 17, 2014, that it had filed a voluntary petition for bankruptcy, and claims against it are subject to the automatic stay under 11 U.S.C. § 362.  Counsel for America's Home Title were allowed to withdraw on April 14, 2014.  As a result, the scheduling conference was postponed until June 24, 2014.

Whether to allow an amendment to a pleading is controlled by Fed. R. Civ. P. 15(a) and the cases construing it.  The standard is set out in Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Amendments of pleadings are liberally allowed in recognition of one of the basic policies of the rules of civil procedure--that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits.

Defendant Cheryl Talley opposes the Motion to Amend, arguing that the information sought to be added through amendment was known to the plaintiff when the original complaint was filed and should have been included there.  In addition, Talley argues that the amendment is futile.

As noted, the case is in its earliest stages.  No schedule has been entered and only limited discovery has been allowed to identify and preserve assets.  I find that the plaintiff has not unduly delayed in bringing the amendment.  Nor is it obvious that the additional allegations of

the proposed amended complaint were known to the plaintiff at the time of the original complaint, which was filed urgently in connection with irregularities discovered during an audit commenced on February 3, 2014, and following the suicide of Richard Talley, apparently in response to the audit.

Finally, I cannot say on the record now before me and as a matter of law that the proposed amendment is futile. To the contrary, in my view Talley's futility argument "seems to place the cart before the horse" and attempts improperly to "force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief." General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. June 20, 2008).

IT IS ORDERED:

(1) The Motion to Amend [Doc. # 51] is GRANTED;

(2) The Clerk of the Court is directed to accept for filing the Amended Complaint and Jury Demand [Doc. # 51-1]; and

(3) In view of the Amended Complaint, Talley's Motion to Dismiss [Doc. # 38] is DENIED as moot.

Dated May 30, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge