**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00366-RW-NYW

TITLE RESOURCES GUARANTY COMPANY,

    Plaintiff,

v.

AMERICAN TITLE SERVICES COMPANY, *et al.*,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court following review of the parties' Stipulated Notice of Dismissal (ECF No. 160) ("the Stipulation"), filed pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) ("Rule 41(a)(1)(A)"). Rule 41(a)(1)(A) provides that, without a court order, a plaintiff may dismiss an action by filing "a stipulation of dismissal signed by *all* parties who have appeared." Fed.R.Civ.P. 41(a)(1)(A)(ii) (emphasis added).

    Here, on February 18, 2014 defendants America's Home Title, LLC ("AHT") and American Title Services Company ("ATSC") appeared through counsel. (ECF Nos. 23, 24.) On March 17, 2014, ATSC filed a Notice of Bankruptcy Filing (ECF No. 33), and, shortly thereafter, all proceedings against the same were stayed unless and until relief from the automatic stay was granted in the bankruptcy proceeding (ECF No. 34). Since that time, the Court has not been informed of any relief from the automatic stay granted, or any events that have taken place, in ATSC's bankruptcy proceeding. On March 21, 2014, counsel for AHT and ATSC moved to withdraw (ECF Nos. 35,

36), and, on April 14, 2014, those motions were granted (ECF Nos. 48). Since that time, AHT and ATSC—both legal entities—have appeared in this case without counsel, in violation of D.C. Colo. L.Atty.R. 5(b), or, at least, without counsel filing a notice of appearance on their behalf as required by D.C. Colo. L.Atty.R. 5(a)(1).

Nonetheless, as noted *supra*, on January 29, 2016, the parties filed the Stipulation. The Stipulation appears to purport that *all* parties, "through their respective counsel," have agreed to move for dismissal with prejudice of this action. (*See* ECF No. 160 at 1.) *All* parties, though, have not signed the Stipulation. Notably, defendant AHT is absent from the signature pages of the Stipulation. (*See id*. at 2-3.) Moreover, although defendant ATSC appears on the signature pages of the Stipulation, it appears through counsel Theodore J. Hartl as the attorney for "ATSC Trustee." (*See id*. at 2.) Suffice to say, Attorney Hartl has made no appearance nor has he filed any document in this case, and thus, his appearance through the Stipulation violates Local Attorney Rule 5(a)(1).

In light of all of the above, the Clerk is ORDERED to STRIKE the Stipulated Notice of Dismissal (ECF No. 160) as in violation of the Local Rules and Rule 41(a)(1)(A), and RE-OPEN this case. The parties may file a revised joint notice of dismissal under Rule 41(a)(1)(A), however, any such notice must contain the signatures of AHT and ATSC through counsel that have appeared in this action. Alternatively, plaintiff may move under Fed.R.Civ.P. 41(a)(2) to dismiss this action. **The parties or plaintiff shall until February 29, 2016 to file a dismissal that complies with this Order.**[1]

---

[1] Upon independent research, the Court is aware that Attorney Hartl represents the Chapter 7 Trustee in ATSC's bankruptcy proceeding. (*See* Bankr. D.Co. Case No. 14-br-12894, ECF No. 100.) The Court is further aware that the Bankruptcy Court has approved the Settlement Agreement arising from this case. (*See* Bankr. D.Co. Case No. 14-br-12894, ECF No. 358.) The Court notes, however, that AHT is not a party to the agreement filed with the Bankruptcy Court. (*See* Bankr. D.Co. Case No. 14-br-12894, ECF No. 346-1 at 2.) The Court will leave it to the parties to determine what this means in terms of how dismissal is sought under Rule 41(a).

**SO ORDERED.**

DATED this 4th day of February, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge